UNITED STATES of America, Plaintiff,

v.

Anthony SALERNO, et al., Defendants.

Joseph Bonanno, Sr., Contemnor.

No. SSS 85 Cr. 139 (RO).

United States District Court,
S.D. New York.

Aug. 27, 1986.

Rudolph W. Giuliani, U.S. Atty., New York City (Michael Chertoff, John F. Savarese, of counsel), for plaintiff.

Ira D. London, Brooklyn Heights, N.Y., Donau & Bolt, Tucson, Ariz., Ephraim Margolin, Nicholas C. Arguimbau, Charles R. Garry, Peter A. Leeming, San Francisco, Cal. (Alfred S. Donau, III, Tucson, Ariz., of counsel), for contemnor.

OWEN, District Judge.

Joseph Bonanno, relying on such cases as *In re Cueto,* 443 F.Supp. 857 (S.D.N.Y. 1978), moves a second time for release from confinement under an order of civil contempt, for refusing to answer at a deposition certain questions already determined to have relevance and probative value for use at the forthcoming trial of *United States v. Salerno, et al.,* SSS 85 Cr. 139 (RO).

Mr. Bonanno was confined for contempt on September 5, 1985 when, having been granted immunity, he refused to answer certain questions about subjects as to which he had already written in his autobiography or spoken about on the national television program "60 Minutes," or had been questioned about in a deposition ancillary to a grand jury proceeding. The prior day there had been a day-long evidentiary hearing at which Bonanno's claim that his health would not permit his testifying had been rejected by the Court. Thus, the next day, when Bonanno continued to assert health reasons for refusing to testify, he was adjudicated in contempt.[1]

Thereafter, in March of 1986, Bonanno, contending merely that further confinement had no possibility to coerce the sought testimony, moved before me for release, which was denied in an opinion on April 7, 1986, *see* 632 F.Supp. 529 (S.D.N.Y. 1986), familiarity with which is presumed.

---

**1.** Bonanno even declined to answer why he thought a "yes" or "no" answer to whether or not he had written his book—since admitted— would be detrimental to his health.

Now, for the first time, Bonanno states that it would be contrary to his principles and his conscience to give testimony, and he adamantly asserts that he would never betray his conscience. A number of affidavits of family and clergy assert the affiants' belief in Mr. Bonanno's sincerity of belief and conscience.

However, there is a heavy burden on a contemnor to prove that "no realistic possibility exists that continued confinement might cause [him] to testify." *In the Matter of Milton Parish,* 782 F.2d 325, 327–8 (2d Cir.1986). Given the fact that Mr. Bonanno authored a full-length autobiography, appeared in connection to this on national television, and gave deposition testimony before a grand jury, I am unable to credit Bonanno's present assertion of principle now raised for the first time. The trial of *U.S. v. Salerno, et al.* starts in less than two weeks—it will be a lengthy trial— and a trial subpoena has been served on Bonanno at the Federal Correctional Institution at Springfield, Missouri. As I said once before, I am still of the view that continued confinement—or its prospect— may well persuade Bonanno to re-examine whether his refusal to testify still serves his interests. The motion to terminate his civil confinement accordingly is denied.

So ordered.